IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RAINER F. HUCK, an individual, and JOHN ANDERSON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; BUREAU OF LAND MANAGEMENT; WILLIAM PERRY PENDLEY in his official capacity as Deputy Director of Policy and Programs; and MICHAEL D. NEDD in his official capacity as Deputy Director of Operations,<br><br>Defendants. | ORDER AND MEMORANDUM DECISION DENYING MOTIONS FOR DEFAULT JUDGMENT<br><br><br>Case No. 2:21-cv-11-TC |

Pro se plaintiffs Rainer Huck and John Anderson have filed Motions for Entry of Default under Federal Rule of Civil Procedure 55(a). For the reasons set forth below, the court denies the motions.

Plaintiffs assert they are entitled to default judgment because Defendants did not file a timely responsive pleading to the Complaint's first and second causes of action (Plaintiffs originally asserted six claims, but the court dismissed claims three through six in July). In reply, Defendants ask the court to deny Plaintiffs' motions because the "delay was not intentional and was an unfortunate oversight on behalf of counsel for Defendants." (Response to Pls.' Mot. for Entry of Default J. & Request for Additional Time to File Mot. Dismiss, ECF No. 23.)

1

As part of their opposition, Defendants requested a seven-day extension to file a motion to dismiss the remaining claims. Soon after their request, they filed that motion *sua sponte*. (See ECF No. 24.) Their second motion follows on the heels of their initial motion to dismiss a portion of the Complaint, which, as noted above, the court granted in July. (See July 28, 2021 Order, ECF No. 21.)

Mr. Huck opposes Defendants' request for extension of time, saying the court should not allow a successive motion to dismiss. He asserts that the Federal Rules of Civil Procedure prohibit such a motion and that the court should order Defendants to file their answer to the Complaint within fourteen days. (Pl. Huck's Mem. Opp'n to Defs.' Request for Additional Time to File Mot. Dismiss at 1–2, ECF No. 26.)

For the reasons set forth below, the court finds that entry of default judgment is not appropriate and that the Federal Rules of Civil Procedure do not bar Defendants' second motion to dismiss.

To begin, the court finds that Plaintiffs do not satisfy the requirement in Rule 55 that a party requesting default judgment "against the United States, its officers, or its agencies" establish his "claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). Plaintiffs' motions contain general and conclusory statements that do not address the merits of either cause of action, much less evidence to support entry of judgment.

Additionally, Plaintiffs have not persuaded the court that the relief they seek is appropriate under the circumstances. They contend the failure to respond "is purposeful" and meant to cause delay because "[d]elays are to the Defendants' benefit as the Plaintiffs are likely to die before this case is decided in their favor." (Mots. for Entry of Default J. ¶ 7, ECF Nos. 22 & 27.) Based on that assertion, they request that the court enter default as a "sanction for the

Defendants' failure to answer the remaining claims timely[.]" (Id. ¶ 8.) Plaintiffs' conclusory statements do not provide evidence to support their claim of prejudice or their assertion that Defendants have purposefully delayed in bad faith. In fact, the Defendants' response suggests otherwise. Moreover, entry of default is a harsh sanction. Courts have "'strong policies [that] favor resolution of disputes on their merits.'" Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983) (quoting Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980)). Given those policies, default judgments are disfavored. Katzson Bros., Inc. v. U.S. EPA, 839 F.2d 1396, 1399 (10th Cir. 1988). Under the circumstances, default judgment is not an appropriate sanction.

Finally, Plaintiffs apparently abandon their initial request for default judgment, stating that they "are not seeking an entry of default judgment. We simply want the Defendants to answer the Complaint and allow us to take discovery and present our case." (Pl. Huck's Mem. Opp'n at 3.)

As for Plaintiffs' argument that Defendants may not file their second motion to dismiss, the court holds that the Federal Rules of Civil Procedure do not bar the motion. Plaintiffs cite to Rule 12(g), titled "Limitation on Further Motions." That rule states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Importantly, the exceptions encompass Defendants' latest motion.

Rule 12(h) allows a party to raise new bases for dismissal "by a motion under Rule 12(c)[.]" Fed. R. Civ. P. 12(h)(2)(B). Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings"

3

by asserting that the complaint does not state a claim upon which relief can be granted. Defendants have essentially done that here. (<u>See</u> Defs.' Second Mot. to Dismiss at 2, ECF No. 24 (contending that the remainder of Plaintiffs' complaint "is legally insufficient to state a claim for which relief may be granted.").) Plaintiffs have not yet proposed a scheduling order or requested a trial date. Given the procedural status of this case, Defendants have filed their motion early enough to avoid delay of trial and so have the right to test Plaintiffs' allegations under Rule 12(c).

## ORDER

For the reasons set forth above, Plaintiffs' Motions for Entry of Default (ECF Nos. 22 and 27) are DENIED.

SO ORDERED this 27th day of October, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge