IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RAINER F. HUCK, an individual, and JOHN ANDERSON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:21-cv-11-TC |

Pro se plaintiffs Rainer Huck and John Anderson have filed a motion for recusal under 28 U.S.C. § 455(a) and § 455(b)(1).  (See Pls.' Mot. for Recusal of Tena Campbell as Judge in this Case, ECF No. 35.)  For the reasons set forth below, the court denies the motion.

A judge is required to recuse "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  A judge must also recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  Id. § 455(b)(1).  "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987).

Plaintiffs' motion sets forth a series of paragraphs articulating their reasons why the court must recuse.  All their reasons arise out of events surrounding Plaintiffs' motions for entry of default (ECF Nos. 22 and 27), the court's order denying their motions for entry of default (ECF

No. 30), their motion for reconsideration (ECF No. 31), and the court's order addressing the
motions for reconsideration (ECF No. 33).  According to Plaintiffs:

1. The court mischaracterized their motion for entry of default.  "Plaintiffs filed a motion
   for entry of default against the Defendants … under Rule 55(a).  Plaintiffs did not seek
   entry of a default judgment under Rule 55(b).  They sought an order that the defendants
   file an answer to the complaint."  (Mot. for Recusal at 2.)

2. The clerk's office improperly "rejected" Mr. Anderson's first motion for entry of default
   because he did not sign it.  (Id.)  They contend the court should have docketed the motion
   because the parties filed it jointly and Mr. Anderson's co-plaintiff Rainer Huck signed on
   Mr. Anderson's behalf with Mr. Anderson's permission.

3. The court improperly denied the motion for entry of default because the Defendants "did
   not even attempt to provide any good reason for their delay [in filing an answer to the
   complaint]" and "only asserted that it was an oversight."  (Id.)

4. The court, in its order denying the motion for entry of default, "grossly misquoted the
   Plaintiffs' arguments stating that they were seeking entry of a default judgment as a
   penalty – which was patently untrue."  (Id. at 3.)  According to Plaintiffs, they reasonably
   requested that, "as a penalty for the [Defendants'] delay in filing an answer," the court
   should allow Plaintiffs "to ride their motorized vehicles on the RS 2477 roads before they
   die."[1]  (Id.)

5. The court "improperly expected Plaintiffs to present proof of their claims before ***any***
   discovery had been taken."  (Id. (emphases in original).)

---

[1] The opportunity to travel in a motorized vehicle on currently-closed "RS 2477" roads on BLM
land is a relief Plaintiffs seek in their complaint.

6. The court improperly "made it the Plaintiffs' burden to show that the Defendants' actions were in bad faith, as opposed to the Defendants having the burden to show 'good cause' for their failure to file a timely answer as required by Rule 55(c)."  (Id.)

7. The court denied the motion for entry of default "***the same or next day*** after the Defendants filed their opposition."  (Id. (emphases in original).)  This, they say, did not given them "an opportunity to even file a reply memorandum in support of [their] motion for entry of default," (a right given to them under the court's own rules), which meant they had to file a motion for reconsideration in order to be heard.  (Id. at 4.)

8. "Even though both Plaintiffs filed their motion for reconsideration seeking an opportunity to file a reply in support of their motion for entry of default judgment," the court only allowed Mr. Anderson to file a reply and unfairly denied Mr. Huck the same opportunity. (Id.)

9. They say the court "has already signaled its predisposition to deny the motion for entry of default and not require the Defendants to file an answer.  The Court is clearly predisposed to allow the Defendants to file a second motion to dismiss … even though the pleadings have not been closed[.]"  (Id. at 4–5.)  They also complain that the court, in its order denying the request for entry of default, "ignor[ed] the plain meaning of [Federal Rules of Civil Procedure 12(c) and 12(g)] … clearly favoring the Defendants."  (Id. at 5.)

All of this, Plaintiffs say, shows that the court "has displayed a personal bias against both plaintiffs, but especially towards Plaintiff Rainer F. Huck."  (Id. at 2.)

For multiple reasons, the court finds that Plaintiffs' claim of bias, or the appearance of bias, does not have merit.

First, Plaintiffs incorrectly contend the clerk's office improperly rejected Mr. Anderson's initial motion for entry of default.  The clerk's office followed docketing rules when it docketed the joint motion as Mr. Huck's alone, because only Mr. Huck signed the motion.  Court documents, to be valid, must be signed by the party filing the document or an attorney representing that party.  Mr. Huck, who has not filed an appearance as a licensed attorney, may not represent Mr. Anderson's interests.  Even though Mr. Anderson intended to file a joint motion, Mr. Huck's signature did not suffice.  In the end, Mr. Anderson did file a motion bearing his signature, which the clerk's office correctly docketed.

Second, although the court mistakenly denied Plaintiffs' right to respond to Defendants' opposition to the motion for entry of default, that is not cause for a finding of bias or the appearance of bias here.  The court has addressed the mistake in separate orders that re-opened the pleadings (see ECF Nos. 33 and 41), which gave Plaintiffs the opportunity to file reply briefs.

Third, Plaintiffs take issue with the court's analysis in its order denying their motions for entry of default, but that is not a basis for recusal.  Recusal is not warranted if the complaint of bias is based on "prior rulings in the proceeding … solely because they were adverse[.]"  United States v. Cooley, 1 F.3d 985, 994 (10th Cir. 1993).

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See United States v. Grinnell Corp., [384 U.S. 563, 583 (1966)].  In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they … can only in the rarest circumstances evidence the degree of favoritism or antagonism required … when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Liteky v. United States, 510 U.S. 540, 555 (1994).  To the extent Plaintiffs disagree with an adverse decision, the remedy is not recusal.  Instead, the process allows them to appeal the decision to the Tenth Circuit.

In sum, Plaintiffs base their motion on their disagreement with the court's legal analysis, procedural problems the court has since addressed, and their personal opinions that the court is biased against them.  None of those reasons, alone or in combination, would cause a reasonable person to harbor doubts about this court's impartiality.  Accordingly, the court denies their request for recusal.

### ORDER

For the foregoing reasons, Plaintiffs' Motion for Recusal of Tena Campbell as Judge in this Case (ECF No. 35) is denied.

DATED this 13th day of December, 2021.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge

5